# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PRABHA SAXENA, *et al.*,

              Plaintiffs,

   vs.

TERRI SAXENA, *et al.*,

              Defendants.

Case No.: 2:26-cv-01308-GMN-EJY

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Pending before the Court is the Motion for Temporary Restraining Order ("TRO"), (ECF No. 5), and Motion for Preliminary Injunction, (ECF No. 6), filed by Plaintiffs Bhuvaneshwar Sahay Saxena and Prabha Saxena.  Defendants Marco II Angioni, Alterwitz Katz, LLP, and Terri Saxena filed Responses, (ECF Nos. 9, 10).[1]  Plaintiffs filed a Reply, (ECF No. 12),[2] as well as a Notice of Supplemental Facts, (ECF No. 13).[3]  Because the Court finds that it does not have jurisdiction to issue the relief sought, it DENIES the Motion for TRO and Preliminary Injunction.

This case arises out of a dispute regarding the estate of Samir Saxena (the "Estate"), whose parents currently reside in the real property located at 10934 Salernes Street, Las Vegas, Nevada 89141 (the "Property"), an asset of the Estate. (Mot. TRO at 1, ECF No. 5); (Resp.

---

[1] Defendant Robert L. Bolick also filed a Joinder to Defendants' Response, (ECF No. 14).

[2] The Court notes that the Reply, at 44 pages long, significantly exceeds the page limit for a Reply in this District. *See* LR 7-3 (setting a limit of 12 pages for replies, excluding exhibits).  The Court has nevertheless reviewed the Reply for the purposes of addressing this Motion.

[3] Per this Court's Local Rules, "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." LR 7-2(g).  Though Plaintiffs did not move for leave to file this supplemental information, the Court finds there was good cause to do so, since the supplemental information provides additional information about the timing of the probate hearing.  Thus, it grants Plaintiffs leave to file this Notice of Supplemental Facts.  Plaintiffs are warned, however, that they must read and comply with the Local Rules moving forward.

3:23–4:3, ECF No. 9).  Plaintiffs, through their prior counsel and named Defendant in this case Stuart J. Taylor, previously filed a Creditor's Claim in probate court in which they asserted they owned the Property and claimed Samir Saxena (the "Decedent") owed them money. (Order Approving Pet. Enforce Settlement Agreement ¶ 5, Ex. B to Resp., ECF No. 9).  Defendant Terri Saxena, the personal representative of the Estate, rejected the Creditor's claim. (*Id.* ¶ 6). Plaintiffs then filed a Creditor Petition. (*Id.* ¶ 7).  The parties ultimately settled the dispute raised in the Creditor Petition, (*id.* ¶ 12), and the probate court granted the Petition to Enforce the Settlement Agreement. (*See generally id.*).

Plaintiffs assert that the probate court is holding a hearing, set for May 8, 2026, where it will enforce a probate order that would result in their eviction from their home. (Mot. TRO at 2–3).[4]  Plaintiffs filed this action in federal court asserting claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Housing Act, and Nevada law. (*See generally* Compl., ECF No. 1).  Through the instant Motion, Plaintiffs seek a TRO and preliminary injunction that would, among other things, stay the May 8 probate hearing and enjoin the enforcement of the March 20, 2026, probate order approving the petition to enforce the settlement agreement.

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders. Fed. R. Civ. P. 65.  The standard for both forms of relief is the same. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying

---

[4] Defendants assert that the hearing, which was set to address a pending Motion for Order Directing Estate to Interplead Funds, has been continued to June 12, 2026. (Resp. 6:11–12).  Defendants submit no evidence to support their claim that the hearing has been continued, and Plaintiffs contest that it was continued in their Reply. (Reply at 3).  Plaintiffs' Notice of Supplemental Facts, (ECF No. 15), ultimately clarifies that they agree the hearing has been functionally continued to June 12. (Not. Suppl. at 1).

purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). Like a preliminary injunction, the Court may issue a temporary restraining order if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

This Court lacks jurisdiction to issue the emergency relief Plaintiffs seek in both their Motion for TRO and Preliminary Injunction. Federal courts have no jurisdiction to "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markham v. Allen*, 326 U.S. 490, 494 (1946). This probate exception to jurisdiction "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293 311–12 (2006); *see Goncalves By and Through Goncalves v. Rady Child.'s Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017) (explaining that federal courts cannot "(1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court"). Yet Plaintiffs' request for injunction would have this Court directly interfere with ongoing probate proceedings in state court. Plaintiffs essentially ask this Court to make decisions that would require it to assume *in rem* jurisdiction over the property that is currently in the custody of the probate court. *See Bergeron v. Loeb*, 675 P.2d 397, 400 (Nev. 1984) ("[P]robate in Nevada is in the nature of an 'in rem' proceeding."). What Plaintiffs seek is for this Court to administer a probate matter and exercise control over a res in the custody of a state court—exactly what the probate exception reserves to the state courts and what this Court may not do. As the Ninth

Circuit has clarified, the probate exception precludes federal courts from disposing of property in the custody of a state court. *See Goncalves*, 865 F.3d at 1252.[5]

Even if the Court were to find that it did have jurisdiction, it would still deny the TRO and Motion for Preliminary Injunction because Plaintiffs have not shown a likelihood of success on the merits.  While Plaintiffs allege that the probate order requiring them to move out of their home is fraudulent and void, they have not presented sufficient evidence at this stage to support such a conclusion.  Moreover, Defendants have presented evidence that the state court has determined that an enforceable settlement agreement exists between the Estate and Plaintiffs. (Order Approving Pet. Enforce Settlement Agreement ¶ 5, Ex. B to Resp.).  With evidence of an enforceable settlement agreement that requires Plaintiffs to vacate their home in exchange for a payment, and little evidence to support Plaintiffs' claims, the Court cannot conclude that Plaintiffs are likely to succeed on their claims relying on the premise that the probate order is fraudulent and void.[6]

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order, (ECF No. 5), and Motion for Preliminary Injunction, (ECF No. 6), are **DENIED.**

**DATED** this ___8___ day of May, 2026.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[5] This conclusion is specific to the relief sought in the Motion for TRO and Preliminary Injunction, as it improperly asks this Court to interfere with the ongoing probate proceedings.  At this stage, the Court makes no findings about its jurisdiction over the Complaint and the other forms of relief sought.

[6] Because it is a threshold issue, if a plaintiff fails to show likelihood of success, the Court generally need not consider the other three *Winter* elements. *Garcia v. Google, Inc.*, 786 F3d 733, 740 (9th Cir. 2015); *Baird v. Bonta*, 81 F4th 1036, 1040 (9th Cir. 2023).